U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 4 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANKIN CONSTRUCTION NATIONAL BUILDERS, L.L.C., | § § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § § | NO. 4:17-CV-530-A |
| FRANK H. REIS, INC. D/B/A THE REIS GROUP, | | |
| Defendant. | | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Frank H. Reis, Inc., d/b/a The Reis Group, to dismiss for lack of personal jurisdiction. The court, having considered the motion, the response of plaintiff, Rankin Construction National Builders, L.L.C., the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiff's Claims

On June 28, 2017, plaintiff filed its original petition in the 352nd Judicial District Court of Tarrant County, Texas, asserting claims against defendant for violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63, misrepresentation under the Texas Insurance Code § 541.051, fraud, and conversion.

Plaintiff alleged: Plaintiff is a framing contractor that provides framing and construction-related services to commercial builders. Plaintiff carries liability insurance coverage for the services it provides on its projects. Defendant sells insurance products. Defendant retained or employed Damian D'Arpino as an agent for the purpose of advising clients on insurance products sold by defendant and for the purpose of selling insurance products, including commercial general liability insurance policies. Defendant was an authorized agent to sell such insurance and to bind coverage for certain insurance companies. Defendant sold numerous policies on numerous projects to plaintiff, issuing approximately eighty-five certificates of liability insurance to plaintiff as insured. On March 7, 2016, defendant delivered to plaintiff a certificate of liability insurance for a policy on a construction project in New Jersey. A fatal accident occurred on the project and when plaintiff gave notice thereof it learned that the policy had never been in effect and that the certificate of insurance was fraudulent. Plaintiff also discovered that other certificates issued by defendant were not valid when issued or coverage had lapsed or been cancelled without notice to plaintiff.

On June 28, 2017, defendant filed its notice of removal, bringing the action before this court. Doc.[1] 1.

## II.

## Ground of the Motion

Defendant maintains that the court lacks personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2).

## III.

## Applicable Legal Standard

The burden is on plaintiff to establish the court's jurisdiction over defendant. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

3

conflicts are resolved in favor of plaintiff. <u>Jones v. Petty-Ray Geophysical Geosource, Inc.</u>, 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. <u>Wilson</u>, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. <u>Bullion v. Gillespie</u>, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

IV.

## Analysis

Here, the record reflects that defendant solicited plaintiff's business. Defendant clearly understood that plaintiff

4

was a Texas company performing substantial construction work in Texas, as well as other states, for which it needed commercial insurance coverage. Plaintiff looked to and relied upon defendant to provide the necessary coverage. It was defendant's duty to keep plaintiff fully informed so that it could remain safely insured at all times. See Cateora v. British Atlantic Assurance, Ltd., 282 F. Supp. 167, 174 (S.D. Tex. 1968). In that regard, defendant made numerous calls and sent emails to plaintiff at its only office, located in Fort Worth, Texas. The lawsuit arises out of defendant's contacts with the forum. Defendant could, and should, have reasonably foreseen being haled into court here. Further, the exercise of jurisdiction over defendant comports with due process.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

SIGNED August 4, 2017.

JOHN McBRYDE
United States District Judge