

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RANKIN CONSTRUCTION NATIONAL §
BUILDERS, L.L.C., §
  §
  Plaintiff, §
  §
VS. § NO. 4:17-CV-530-A
  §
FRANK H. REIS, INC. D/B/A THE §
REIS GROUP, §
  §
  Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Frank H. Reis, Inc. d/b/a The Reis Group, for summary judgment. The court, having considered the motion, the response[1] of plaintiff, Rankin Construction National Builders, L.L.C., the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part.

I.

### Plaintiff's Claims

Plaintiff filed its original petition in the District Court of Tarrant County, Texas, 352nd Judicial District. On June 28, 2017, defendant filed its notice of removal, bringing the action before this court. Ordinarily, the court requires repleading in a

---

[1] By order signed March 1, 2018, the court ordered that plaintiff's brief and appendix in support of its response be stricken. On March 5, 2018, plaintiff filed an amended brief and amended appendix as directed. The court granted defendant an opportunity to file an amended reply, which it did on March 8, 2018.

case like this one, but that did not happen here. Thus, the original petition is the operative pleading. Doc.[2] 9, Ex. C.

Plaintiff alleges: Plaintiff is a framing contractor that provides framing and construction-related services to commercial builders. Liability insurance is required for plaintiff to conduct its business. Defendant sells insurance products and for a number of years provided insurance consultation and services to plaintiff. During the years of 2013 to 2016, defendant through its employee and/or agent, Damian D'Arpino ("D'Arpino"), sold numerous polices of Commercial General Lines ("CGL") insurance to plaintiff for numerous projects. Plaintiff paid premiums in excess of $100,000.00 to defendant. On March 7, 2016, defendant delivered to plaintiff a certificate of liability insurance ("certificate") for a CGL policy on a project in New Jersey. In connection with issuance of the certificate, D'Arpino represented to plaintiff that the CGL policy was in full force and effect for the project and that workers compensation insurance was also in place. On March 12, 2016, plaintiff learned of a fatal accident at the project[3] and gave notice to its insurance carrier. It then learned for the first time that the certificate and other similar

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

[3]The summary judgment evidence reflects that the project was actually in New York. Doc. 60, Exs. SS & TT.

2

certificates were fraudulent. Plaintiff discovered that policies had been allowed to lapse or had been cancelled without notice to it. Further, plaintiff had paid for policies that were never purchased on its behalf. As a result of learning that it did not have insurance coverage, plaintiff was required to stop work on a number of projects, causing it damage.

Plaintiff asserts causes of action for violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), violation of the Texas Insurance Code § 541.051, fraud, and conversion. Doc. 9, Ex. C.

## II.

### Grounds of the Motion

Defendant says that it is entitled to judgment as to each of plaintiff's claims. It asserts that neither the DTPA nor the Texas Insurance Code applies as New York, rather than Texas, law governs. And, even if Texas law applies, the DTPA does not govern misrepresentations made after goods have been acquired and § 541.051 of the Insurance Code does not govern misrepresentations regarding the existence of insurance coverage. Defendant also maintains that plaintiff, as a sophisticated purchaser of insurance products, cannot establish reliance on any misrepresentations; thus, the DTPA, insurance, and fraud claims all fail. And, defendant says that the conversion claim is

3

defective in that plaintiff cannot trace any particular funds paid that defendant is wrongfully withholding. In addition, defendant maintains that plaintiff cannot establish any damages.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support

4

the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[4] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[4] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

5

IV.

Analysis

A. Which State's Law Applies

Defendant maintains that New York, rather than Texas, law should apply to the claims asserted by plaintiff. In making the determination, the court applies the choice of law rules of the forum state. Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 403 (5th Cir. 2004). Texas applies the most significant relationship test. Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 420 (Tex. 1984). In a case concerning fraud and misrepresentation, as here, the court considers, among other things, the domicile of the parties, where the representations took place, and where the plaintiff received the representations and relied upon them. GJP, Inc. v. Ghosh, 251 S.W.3d 854, 884 (Tex. App.--Austin 2008, no pet.). Where two parties are located in different states, the state where the reliance occurred generally determines the choice of law. Id. at 885; Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 356 (Tex. App.--Houston [14th Dist.] 2003, no pet.)(place of reliance outweighs places of making and receiving misrepresentation). And, place of financial loss will usually be of greatest concern to the plaintiff's home state. Tracker Marine, 108 S.W.3d at 356.

Here, plaintiff is a citizen of Texas and defendant is a citizen of New York. Defendant made the misrepresentations at issue in New York and they were received and relied upon by plaintiff in Texas. Plaintiff does business in Texas as well as New York and suffered injuries here when it had to stop work on local projects as well as the project in New York. Although the event that gave rise to the discovery of the misrepresentations occurred in New York, that factor does not outweigh the nexus of the claims with Texas. See W.R. Grace & Co. v. Continental Cas. Co., 896, 873 (5th Cir. 1990)(injured party did not care who paid as long as the claim was paid). Under a Texas choice of law analysis, Texas law applies based on the facts of this case.

B. DTPA Claim

Defendant next argues that plaintiff is not a "business consumer" under the DTPA because its claims are based on post-transaction representations and not on statements made when plaintiff sought or acquired goods or services. Doc. 41 at 6-7. Generally, post-transaction representations could not be a producing cause of damages. Texas Cookie Co. v. Hendricks & Peralta, Inc., 747 S.W.2d 873, 880 (Tex. App.--Corpus Christi 1988, writ denied).

Here, the summary judgment evidence at least raises a fact issue as to whether the misrepresentations at issue were a

7

producing cause of damage to plaintiff. Plaintiff has shown that it relied on defendant to obtain insurance coverage and defendant repeatedly represented that it had done so and that plaintiff had coverage for its various projects. Provision of the certificates of insurance was part of the service and not merely incidental to it. Texas Cookie Co., 747 S.W.2d at 877. And, plaintiff was injured because it relied on the representations that it had coverage when it did not. Royal Globe Ins. Co. v. Bar Consultants, Inc., 577 S.W.2d 688, 694 (Tex. 1979).

C.   Insurance Code Claim

Defendant says that plaintiff cannot establish a violation of the Insurance Code based on a disclosure or failure to disclose information regarding the fact or lapse of coverage. Doc. 41 at 7-9. Specifically, it argues that an insured is charged with knowledge that it must pay policy premiums and if it failed to do so it cannot rely on representations made as to coverage post-termination. Schindler v. Mid-Continent Life Ins. Co., 768 S.W.2d 331, 334 (Tex. App.--Houston [14th Dist.] 1989, no writ). In response, plaintiff argues that defendant was obligated to inform it of impending termination for failure to pay premiums, Kitching v. Zamora, 695 S.W.2d 553, 554 (Tex. 1985), that it relied on defendant to do so, and that defendant never notified plaintiff of the pertinent cancellation notices.

8

The summary judgment evidence plaintiff cites at least raises a fact issue as to this ground.

D. Fraud

To establish fraud, plaintiff must show that defendant made a misrepresentation of a material, existing fact with the intent that plaintiff act upon it, that plaintiff acted in reliance on the misrepresentation, and that plaintiff thereby suffered injury. Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am., 341 S.W.3d 323, 337 (Tex. 2011). Defendant's argument is that plaintiff cannot show reliance. The bulk of the argument is devoted to New York law, which the court has determined is not applicable. And, the issue of whether plaintiff's reliance was reasonable is a fact issue.

E. Conversion

Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971). To establish a claim for conversion, plaintiff must show that: (1) plaintiff owned or had possession of certain property; (2) defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of or inconsistent with plaintiff's rights; (3) plaintiff demanded return of the property; and (4) defendant refused to return the

9

property. Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc., 300 S.W.3d 348, 365-66 (Tex. App.--Dallas 2009, pet. denied). Money is subject to conversion only when it can be described or identified as a specific chattel, not where an indebtedness may be discharged by payment of money generally. Estate of Townes v. Townes, 867 S.W.2d 414, 419 (Tex. App.--Houston [14th Dist.] 1993, writ denied). That is,

> [a]n action for conversion of money will lie where the money is "(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper."

Id., 867 S.W.2d at 419-20 (quoting Edlund v. Bounds, 842 S.W.2d 719, 727 (Tex. App.--Dallas 1992, writ denied)).

Despite plaintiff's argument to the contrary, this is simply not the type of case where a claim for conversion can be asserted.

F.  Damages

Defendant maintains that plaintiff cannot pursue its damages claim because it failed to comply with its obligation to disclose a computation of each category of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). As defendant notes, plaintiff only referred to "a loss of business reputation" and not to lost profits as a category of damages for which it seeks recovery. Doc. 9, Ex. C at 8, ¶ 40. Plaintiff's initial disclosures

describe the necessity of a good reputation for obtaining business and say that the loss of an average contract would represent lost profits of "about $500,000.00." Doc. 42 at 133. But no manner of calculation of loss of reputation, or any other damages for that matter, is set forth and plaintiff has apparently not supplemented its disclosures. Plaintiff does not cite any authority to support the contention that the disclosures are sufficient.

Separately, defendant refers to damages for loss of plaintiff's business reputation and lost profits and says that plaintiff does not have evidence to support either category. Doc. 41 at 16-18. Plaintiff must point to objective facts, figures, and data from which these damages can be ascertained. <u>Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc.</u>, 131 S.W.3d 203, 206 (Tex. App.--Fort Worth 2004, pet. denied). Plaintiff has not made any attempt to do so. Rather, it simply relies on the conclusory statements of its owner. Doc. 60 at 106.

V.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted in part, and plaintiff take nothing on its claims for conversion and damages based on loss

of business reputation (including lost profits).

SIGNED March 12, 2018.

_____
JOHN McBRYDE
United States District Judge